UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 NOV -2  P 2: 17

| | |
|---|---|
| Jerome Eston Vernon,<br><br>      Petitioner,<br><br>vs.<br><br>Mr. NFN Bauknecht, Warden at Williamsburg Bureau of Prisons,<br>      Respondent. | ) C/A No. 2:06-2617-GRA-RSC<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Report and Recommendation**<br>)<br>)<br>) |

The petitioner, Jerome Eston Vernon (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is a federal prisoner at FCI-Williamsburg. Plaintiff claims to have exhausted his administrative remedies in compliance with 42 U.S.C. § 1997e(a). The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### Pro Se and In Forma Pauperis Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. §1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Baskerville, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner's habeas action alleges that the Bureau of Prisons (BOP) miscalculated his sentence. Petitioner was sentenced in the U.S. District Court for the District of South Carolina to 120 months for Possession of a Firearm on March 16, 1999. The sentence was concurrent to a South Carolina State conviction for Assault and Battery of a High and Aggravated Nature, which began on February 9, 1998. The BOP credited Petitioner with 175 days pre-sentence custody (time Petitioner spent in a county detention facility from August 17, 1997 to February 8, 1998.) However, the BOP did not give Petitioner credit for the state sentence Petitioner served prior to his federal conviction (from February 9, 1998 to March 15, 1999). Petitioner asserts that, because his federal sentence is to be served

concurrently with his state sentence, it should be "back dated" to include the approximately 13 months of state time.

## Discussion

Petitioner contends that his federal sentence should begin on the date of his state court conviction, February 9, 1998. Petitioner bases this contention on the fact that his federal sentence, imposed on March 16, 1999, was ordered to run concurrent with Petitioner's state court time. Petitioner's challenge hinges on the date a federal sentence, which is made concurrent to an existing sentence, should be calculated to begin. Several circuits have squarely faced the question and have held that a federal sentence, even when made concurrent to an existing sentence, cannot commence prior to the date it is imposed.[2] The Fifth Circuit was one of the first to speak on the issue. In <u>United States v. Flores</u>, 616 F.2d 840 (5th Cir. 1980), a defendant was sentenced, upon conviction, to ten years for a drug offense. Approximately ten months later, the same defendant entered a guilty plea to another drug offense and received a second ten year sentence, to run concurrently with the first. The defendant later filed a motion to vacate the second sentence, claiming he had entered the guilty plea under the assumption that the second sentence would begin and terminate on the same dates as his prior drug conviction. The Fifth Circuit stated "[t]he sentences could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date is it

---

[2] 18 U.S.C. § 3585(a) states "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody . . . to commence service of sentence at the official detention facility at which the sentence is to be served."

3

pronounced, even if made concurrent with a sentence already being served." Id. at 841 (citing Wilson v. Henderson, 468 F.2d 582, 584 (5th Cir. 1972)).

The 11th Circuit reached the same conclusion in Coloma v. Holder, 445 F.3d 1282, (11th Cir. 2006). In Coloma, a federal prisoner filed a habeas action alleging that the BOP misconstrued a concurrent federal sentence. The prisoner was sentenced in 1991 and 1994 for drug convictions, with the second sentence being concurrent to the first. Faced with the issue of whether the three years that separated the convictions should be deducted from the prisoner's second (concurrent) sentence, the Court, quoting Flores, stated:

> We must first determine the meaning of the word concurrent. Whatever else the word means with regards to the second sentence, however, it does not mean that the two sentences 'hav[e] the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'"
> Coloma, 445 F.3d at 1284.

In Shelvy v. Whitfield, 718 F.2d 441 (D.C. Cir. 1983), the D.C. Circuit ruled likewise on the issue of concurrent sentences. The petitioner in Shelvy was sentenced to several charges on May 15, 1970. Then, on November 20, 1970, the petitioner entered a guilty plea to the charge of Murder and received a sentence of fifteen years to life, to run concurrently with any sentence then being served. The petitioner filed a habeas action, challenging the Department of Corrections' calculation of his sentence. The petitioner claimed he was entitled to credit, for his second sentence, from the date of his first conviction (May 15, 1970). The Shelvy Court held " . . . a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent'

manner. Rather, the second sentence runs together with the remainder of the one then being served." Id. at 444.

The courts have clearly spoken to Petitioner's issue and have held that a concurrent federal sentence cannot begin prior to the time it is pronounced.[3] Since Petitioner is only entitled to credit for his concurrent federal sentence from the date it commenced, March 16, 1999, his challenge to the BOP's sentence calculation must fail.

### Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondent. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

November 2, 2006
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

---

[3] There appear to be no published Fourth Circuit decisions on this issue. However, in United States v. McLean, 867 F.2d 609 (4th Cir. 1989), the appellate court issued an unpublished opinion stating "a federal sentence cannot commence prior to the date it is pronounced." (citing Flores, 616 F.2d at 841). See also Donnelly v. Dewalt, 2005 WL 1074380 (D.Md. 2005).

5

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

      The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

      During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 835**
**Charleston, South Carolina 29402**
