UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jerome Eston Vernon, ) | |
| ) | C/A No. 2:06-cv-02617-GRA-RSC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Mr. NFN Bauknect, Warden at ) | |
| Williamsburg Bureau of Prisons, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed November 2, 2006. Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. The magistrate recommends dismissing the petition for failure to state a claim upon which relief may be granted.

Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); see *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections to the magistrate's Report and Recommendation on November 14, 2006.

Petitioner objects to the magistrate's Report and Recommendation on the basis that the state and federal sentences arose from the same occurrence, and thus, under 18 U.S.C. § 3585, the time he served in state custody should be credited towards his federal sentence.  Under 18 U.S.C. § 3585(b)(1), a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed." Petitioner was sentenced by this Court to 120 months in prison for Possession of a Firearm.  This offense is separate from Petitioner's state sentence for Assault and Battery of a High and Aggravated Nature. Therefore, since the time Petitioner served from February 1998 until March 15, 1999, was solely related to his state offense, and was served prior to the commencement of his federal sentence, this time should not have been calculated in running the state and federal sentences concurrently.  Petitioner was properly given credit for the 175 days he spent in pre-sentence custody.  However, under 18 U.S.C. § 3585(b)(1), this is the only time for which Petitioner should have received credit towards his federal sentence.  This Court finds the magistrate correctly determined the law in ruling that "a federal sentence, even when made concurrent to an existing sentence, cannot commence prior to the date it is imposed."  Report and Recommendation, p. 3. Therefore, this Court finds Petitioner's objections to be without merit.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

December  4 , 2006

Anderson, South Carolina

NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.